# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTE DIVISION
## 3:15cv583-FDW

| | |
|---|---|
| DRAYTON L. THOMPSON, ) ) Petitioner, ) ) vs. ) ) CARLTON JOYNER, ) ) Respondent. ) ) | **ORDER** |

**THIS MATTER** is before the Court upon initial review of Drayton L. Thompson's pro se Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. (Doc. No. 8). Also before the Court are Petitioner's Motion for Trustees to Issue Orders for Service of Process (Doc. No. 2) and Motion for Appointing and Assigning the US District Court and Officers as Trustees (Doc. No. 3).

## I. BACKGROUND

Petitioner is a prisoner of the State of North Carolina, who, on September 11, 2015, was convicted by a jury in Mecklenburg County Superior Court of multiple counts of rape, committing a sexual offense, and kidnapping. (Pet. 1, Doc. No. 8; N.C Dep't of Pub. Safety Offender Pub. Info., http://webapps6.doc.state.nc.us/opi/viewoffender.do?method= view&offenderiD=0530071&searchOffenderid=0530071&listurl=pagelistoffendersearchresults &listpage= 1 (last visited Dec. 10, 2015).) According to Petitioner, he appealed his judgment of conviction to the "Mecklenburg County" court. (Pet., supra, at 2.) He provides no other information regarding his purported appeal.

Petitioner further indicates that he has not filed any other "petitions, applications, or motions" concerning his judgment of conviction. (Pet., supra, at 3.) Petitioner filed his § 2254 habeas Petition when he signed and placed it in the prison mail system on November 23, 2015. (Pet., supra, at 17.)

## II.     STANDARD OF REVIEW

The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases, which directs district courts to examine habeas petitions promptly. Rule 4, 28 U.S.C.A. foll. § 2254. When it plainly appears from any such petition and any attached exhibits that the petitioner is not entitled to relief, the reviewing court must dismiss the motion. Id.

## III.    DISCUSSION

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254. The statute requires that before seeking federal habeas corpus relief, a state prisoner first must exhaust his state court remedies. § 2254(b)(1)(A).[1] That is, he must provide the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented through a habeas petition in federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). To fairly present a claim, the prisoner must identify for the state courts "both the operative facts and the controlling legal principles" associated with the claim. Baker v. Corcoran, 220 F.3d 276, 289 (4th Cir. 2000) (citation omitted). Furthermore, the prisoner must

---

[1] 28 U.S.C. § 2254(b)(1) provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—(A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." § 2254(b)(1)(A) & (B).

present the claim to all appropriate state courts, including the highest appellate court established to review such a claim. See Boerckel, 526 U.S. at 845.

Petitioner concedes that he did not file a direct appeal in the North Carolina Court of Appeals, see N.C. Gen. Stat. §7A-27(b). (Pet., supra, at 2.) Nor has he sought post-conviction relief by way of a motion for appropriate relief in Mecklenburg County Superior Court, see N.C. Gen Stat. § 15A–1411 et seq. (Pet., supra, at 3.) Therefore, Petitioner has failed to exhaust his state court remedies. The Court will dismiss this habeas petition without prejudice to re-filing upon proper exhaustion.

Petitioner is forewarned that a § 2254 petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court must be filed within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The statute of limitations will be tolled while a properly filed state post-conviction action, such as a motion for appropriate relief, is before the state courts. See § 2244(d)(2).

**IT IS, THEREFORE, ORDERED** that:

1. The Petition for Writ of Habeas Corpus (Doc. No. 8) is **DISMISSED without prejudice** as unexhausted;

3

2. Petitioner's Motion for Trustees to Issue Orders for Service of Process (Doc. No. 2) is **DENIED**;

3. Petitioner's Motion for Appointing and Assigning the US District Court and Officers as Trustees (Doc. No. 3) is **DENIED**; and

4. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: December 10, 2015

Frank D. Whitney
Chief United States District Judge